AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| JERRY ALAN BROWN, | Case Number: 03:10-CR-134-ECR-VPC |
| | USM Number: 45544-048 |
| | Scott Edwards |
| | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to count Two (2) of Superseding Indictment filed February 9, 2011

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ After a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2251A(a) and (e) and 18:2 | Attempted Production of Child Pornography | Aug, 2010 | |

The defendant is sentenced as provided in pages 2 through **6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X  Counts 1, 3, 4 are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 18, 2012
Date of Imposition of Judgment

**Each separate page is signed and dated by the presiding Judicial Officer

_Edward C. Reed_
Signature of Judge

EDWARD C. REED, JR., SENIOR USDJ
Name and Title of Judicial Officer

Jan. 19, 2012
Date

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Judgment - Page __2__

DEFENDANT: BROWN, JERRY ALAN
CASE NUMBER: 03:10-CR-134-ECR

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: ONE HUNDRED EIGHTY (180) MONTHS

X  The court makes the following recommendations to the Bureau of Prisons: THAT defendant be incarcerated at an institution as close to the Reno, Nevada area that meets the requirements of the Bureau of Prisons, to be close to family for visitation purposes.  The Court calls attention to defendant's cirrhosis of the liver, and requests the Bureau of Prisons deliver such treatment to make his life as comfortable as possible; THAT defendant receive credit for all time served in federal custody in connection with this offense.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

Dated this __19__ day of January, 2012

*Edward C. Reed*

EDWARD C. REED, JR., SENIOR USDJ

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____

_____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

DEPUTY UNTIED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT: BROWN, JERRY ALAN
CASE NUMBER: 03:10-CR-134-ECR

Judgment-Page 3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:   LIFE

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION
### SEE ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION ON PAGE 4

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Dated this 19 day of January, 2012

*Edward C. Reed* (signature)

EDWARD C. REED, JR., SENIOR USDJ

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 3C - Supervised Release

Judgment - Page 3

DEFENDANT: BROWN, JERRY ALAN
CASE NUMBER: 03:10-CR-134-ECR

## SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapons - Defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2. Warrantless Search - To ensure compliance with all conditions of release, the defendant shall submit to the search of his person, and any property, residence, or automobile under his/her control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant, at a reasonable time, and in a reasonable manner. Provided, however, defendant shall be required to submit to any such search only if the probation officer has reasonable suspicion to believe defendant has violated a condition or conditions of release.

3. Report to Probation Officer After Release from Custody - Defendant shall report in person to the probation office in the District to which the defendant is released within seventy-two (72) hours of release from custody.

4. No Contact Condition - Defendant shall not have contact, directly or indirectly, associate with, or be within 500 feet of the victim and/or her children, their residence or business, and if confronted by the victim and/or her children, defendant shall immediately remove himself from the area.

5. Minor Prohibition - Defendant shall not associate with persons under the age of eighteen (18), except in the presence of a responsible adult who is aware of the nature of defendant's background and current offense, and who has been approved by the probation officer.

6. Sex Offender Treatment - Defendant shall successfully complete a treatment program for sex offenders, which may include polygraph/truth verification testing, as approved by the probation officer. Defendant shall allow the sex offender treatment provider unrestricted communication with the probation officer regarding attendance, level of participation, and other information deemed necessary to protect the community. Further, defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation officer.

7. Computer Pornography Prohibition - Defendant shall neither possess nor have under his control, any matter that is pornographic, as defined in 18 U.S.C. 2256(2), or that depicts, suggests, or alludes to sexual activity of minors under the age of eighteen (18). This includes, but is not limited to, any mater obtained through access to any computer or any material linked to computer access or use.

8. Pornography Prohibition - Defendant shall now own, possess, use, view, or read any pornographic material, or frequent any place that is involved with pornography, as defined in 18 U.S.C. 2256(2).

9. Computer Restriction and Monitoring - Defendant shall provide the probation officer with accurate information regarding his entire computer system, including all related digital devices with memory and all passwords and internet service providers; defendant shall allow the installation of any software/hardware on his computer by the probation officer, and shall abide by all rules of the Computer Restriction and Monitoring Programs Agreement.

10. Victim/Witness Prohibition - Defendant shall not have contact, directly or indirectly, with any victim or witness in this instant offense, unless under the supervision of the probation officer.

Dated this 19 day of January, 2012

_____
EDWARD C. REED, JR., SENIOR USDJ

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Judgment - Page 5

DEFENDANT: BROWN, JERRY ALAN
CASE NUMBER: 03:10-CR-134-ECR

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $100.00 | $ | $ |

Due and payable immediately.

On motion by the Government, IT IS ORDERED that the special assessment imposed by the Court, is remitted.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk, U.S. District Court<br>Attn: Financial Officer<br>Case No.:<br>333 Las Vegas Boulevard, South<br>Las Vegas, Nv 89101 |  |  |  |
| TOTALS | $ | $ |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____
☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for the ☐ fine  ☐ restitution.
  ☐ the interest requirement for the ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Dated this 19 day of January, 2012

EDWARD C. REED, JR., SENIOR USDJ

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

Judgment - Page 6

DEFENDANT: BROWN, JERRY ALAN
CASE NUMBER: 03:10-CR-134-ECR

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  [X]  Lump sum payment of $ 100.00  due immediately, balance due
      [ ]  Not later than _____, or
      [ ]  in accordance  [ ] C, [ ] D, [ ] E, or  [ ] F below; or

B  [ ]  Payment to begin immediately (may be combined with  [ ] C, [ ] D, or [ ] F below); or

C  [ ]  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [ ]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Dated this 19 day of January, 2012

_____
EDWARD C. REED, JR., SENIOR USDJ